CAROLYN A. DYE (SBN 97527)
3435 Wilshire Blvd.
Suite 990
Los Angeles, CA 90010
Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorney for Picture Car Warehouse, Inc., Debtor and Debtor in Possession




UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO DIVISION

| | |
|---|---|
| In re<br><br>PICTURE CAR WAREHOUSE, INC., a California Corporation,<br><br>Debtor. | Case No. 1:15-bk-13495-MT<br>[Chapter 11]<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER FILED BY I-15 AUCTIONS AND PRESCRIBING CONDITIONS FOR PRODUCTION OF DOCUMENTS<br><br>Date: January 27, 2016<br>Time: 1:00 p.m.<br>Place: Courtroom 302<br>21041 Burbank Blvd.<br>Woodland Hills, CA 90012 |

On the date and at the time and place referenced above the Court considered the Motion filed by I-15 Auctions for a Protective Order on the Order Granting Debtor's Motion for 2004 Exam of I-15 Auctions. Appearances are as noted in the record of the proceedings. After hearing argument of counsel, and reviewing the pleadings and considering such other matters as the Court deemed appropriate, and good cause having been shown therefor,

/ / /

IT IS HEREBY ORDERED:

1. The Motion for Protective Order is denied except as provided herein and the examination and document production shall take place as agreed by counsel on February 12, 2016 at 10:00 p.m. in Riverside, CA at a location to be specified, subject to the conditions set forth herein.

2. The information obtained by the production of documents and 2004 examination of I-15 Auctions is limited for use in the above referenced Bankruptcy proceeding and cannot be used elsewhere except with authorization of this Court.

3. Picture Car Warehouse, Inc. (hereinafter “PCW”) will issue an expedited subpoena for the production of documents and the 2004 examination of I-15 Auctions.

4. PCW will tender to I-15 the payment for the required witness fee and allowed mileage as allowed by law as required pursuant to Fed R. Civ. Pro. Rule 45, incorporated by reference and made applicable to bankruptcy proceedings by Fed R. Bank. Pro.Rule 7014 and pay reasonable costs of copy charges for the production of documents incurred by I-15 in responding to the Subpoena.

5. Subject to the confidentiality provisions herein, the following shall be provided to PCW (i) the names of the buyers at the March 14, 2015 and April 11, 2015 auctions of PCW property; (ii) copies of any cancelled checks paid to PCW for the March 14, 2015 and April 11, 2015 auctions of PCW property; (iii) copies of the cancelled checks evidencing payment to any person other than PCW for PCW property purchased at the March 14, 2015 and April 11, 2015 auctions. (PCW acknowledges that copies of auction sheets showing the prices paid for the PCW property have already been provided to PCW.)

/ / /

6. Confidentiality Provisions:

The information concerning third parties, including the names of such buyers and the financial information related thereto shall be deemed confidential and proprietary business information (regardless of how it is generated, stored or maintained) or tangible things that qualifies for protection under Federal Rule of Civil Procedure 26(c)) ( hereafter "Confidential Information") and any subsequent Disclosure of such Confidential Information, including copies, excerpts, summaries or compilations and testimony, conversations, or presentations by parties or their counsel, or inclusion in pleadings, regardless of which medium it is generated, stored, or maintained following the 2004 examination shall be governed by this Order. The duration of the confidentiality agreement remains in effect until the parties agree otherwise or it is amended by a court order. Buyers will not be contacted by PCW, PCW's counsel, debtor, or any other party without prior approval of the Court. I-15 Auctions shall immediately be made aware of any attempts to contact Buyers of PCW property at the above referenced auctions. For purposes of this Order, Disclosure shall mean any use or release of Confidential Information.

7. Confidential Information is to be protected from Disclosure as follows:

(i) The testimony obtained at the examination shall be sealed and opened only on further Order of the Court;

(ii) The testimony obtained at the examination shall not be used, given or released to any entity without Order of the Court but may be filed under seal in an effort to obtain such Order;

(iii) Any documents provided to PCW during the examination shall be redacted to delete the Confidential Information prior to Disclosure of such documents to any third party or filing with the Bankruptcy Court;

(iv) Any documents provided by I-15 Auctions in this case shall not be released or given to any third party absent an Order of the Court;

(v) If there is a court order requesting the documents produced by I-15 or their 2004 examination testimony, PCW will give I-15 Auctions fifteen (15) days notice to seek a Protective Order. If such protective order is not sought, the documents and testimony may be produced by PCW if PCW redacts the confidential information;

(vi) If the confidential information is inadvertently disclosed, PCW will notify I-15 Auctions immediately and attempt to rectify the situation by (a) notify in writing the receiving party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) and demand that the receiving party will stipulate to keep that information confidential and not disclose it.

Subject to the terms of this Order and except as limited thereby, and pursuant to Fed. R. Bankr. P. 2004 and 9016, I-15 shall produce no later than the date for the examination, all documents sought in the Motion identified in Exhibit A.

//

//

//

//

8. As soon as practicable, copies of the same documents produced to PCW will be provided to Conmercium, Inc. and/or its affiliates who will reimburse the party supplying such documents for its reasonable copying charges. Conmercium, Inc. and/or its affiliates will be bound by the terms of this Order.

###

Date: February 10, 2016

Maureen A. Tighe
United States Bankruptcy Judge

**EXHIBIT A**

DOCUMENTS TO BE PRODUCED; TERMS OF PRODUCTION

PCW seeks authority to compel the production of documents according to the following:

A. Definitions.

1. The term "PCW" means Picture Car Warehouse, Inc., the Debtor and Debtor in Possession, in that certain Chapter 11 Bankruptcy, Case No. 1:15-bk-13495-MT, filed in the United States Bankruptcy Court for the Central District of California.

2. The term "Petition Date" means October 20, 2015.

3. The term "TALBERT" means Matthew Talbert, and anyone acting on his behalf, including any employee, associate, attorney, accountant, representative or agent of Talbert.

4. The term "VEHICLES" means any and all cars, trucks or other motor driven vehicles which was delivered, transferred or made available to YOU which TALBERT directed you to include in an auction or other sale by YOU.

5. The term "YOU" or "YOUR" means the person of whom documents are requested.

6. The term "ANYONE ACTING ON YOUR BEHALF" includes, but is not limited to, your representatives, agents, attorneys, members or investigators, custodian of records, whether hired or appointed by you, your attorneys or representatives.

7. The term "PERSON" means any individual, partnership, firm, association, joint venture, corporation, estate, trust, receiver, any group or combination acting as a unit or any other business, governmental or legal entity.

8. The term "DOCUMENT" means including any medium upon which intelligence or information can be recorded,

maintained or retrieved. This specifically includes computer files and e-mail. This also includes, without limitation, all originals and copies, regardless of the origin and location and however produced or reproduced, of any writing of any type or description, that is within your possession, custody or control, or to which you have or had access, or of which you have knowledge or of which you have a right or privilege to examine upon request or a demand. The term "document" specifically includes any and all writings and recordings as those terms are used in Rule 1001 of the Federal Rules of Evidence and includes the original and any non-identical copy of a writing (whether distinguishable from the original because of notes made on the copy or not).

9. The term "COMMUNICATION" means and includes any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements or other understandings between or among two (2) or more persons.

10. The term "RELATE TO" or "PERTAIN TO" and "PERTAINING TO" as used herein shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

11. The terms "and" and "or" shall be construed either disjunctively or conjunctively or both, as necessary to give any request for production the broadest possible meaning and to bring

within the scope of such request any responses that might otherwise be construed to be outside its scope.

12. The word "or" appearing in any of the categories for which the production of documents is requested shall not be read so as to eliminate any part of the request for production, but whenever applicable it shall have and include the same meaning as the word "and". For example, a request for a production stating "support or refer" should also read as "support and refer."

13. The singular form of a word shall be interpreted to include plural and the plural shall be interpreted to include the singular, each should give the word or words the broadest possible meaning.

14. The masculine, feminine and neutral gender of any word each shall be construed to include the others.

B. <u>Instructions</u>.

1. <u>Manner of Production</u>.

The documents to be produced shall be organized and labeled to correspond with the categories below or they shall be produced as they are kept in the usual course of business. Unless otherwise stated, the requests shall cover the period beginning with the first communication YOU received from TALBERT concerning any proposed sale of VEHICLES by YOU in an auction and continue through the date of YOUR 2004 examination.

2. <u>Privileged Documents</u>.

If you contend any document which would otherwise have been responsive to one or more categories of documents below may be withheld on grounds of privilege, or any other basis, then

each such document shall be fully identified in writing, as follows:

(a) the date of the document;

(b) the author of the document or the person who participated in the communication;

(c) the addressee of the document;

(d) the title of the document;

(e) the number of pages in the document;

(f) a statement of the reason the documents have been withheld; and

(g) the substance of the communication or document, given in sufficient detail to support the claim of privilege.

**EXHIBIT 1**

DOCUMENTS TO BE PRODUCED BY I-15.

REQUEST NO. 1

Any and all agreements, contracts or other COMMUNICATION between YOU and TALBERT since January 1, 2013, including any such DOCUMENTS TALBERT signed on behalf of or purporting to act for PCW.

REQUEST NO. 2

Any and all Auction Settlement Statements or other statements or summary provided to TALBERT RELATING TO and/or PERTAINING TO all VEHICLES sold by YOU through advertised auction, private sale or any other method of sale since January 1, 2013.

REQUEST NO. 3

Any and all DOCUMENTS RELATING TO or reflecting any ownership interest provided to YOU in connection with VEHICLES sold at auction on March 14, 2015, including any bill of sale or title transfer forms.

REQUEST NO. 4

Any and all DOCUMENTS reflecting any agreement or representation that any PERSON other than PCW owned the VEHICLES or claimed an ownership interest in the VEHICLES, including without limitation any memoranda or writings between YOU and TALBERT.

REQUEST NO. 5

Any and all DOCUMENTS RELATING TO price obtained for the VEHICLES at the auctions held on March 14, 2015.

///

REQUEST NO. 6

Any and all DOCUMENTS RELATING TO the payment by YOU to anyone of proceeds from the sale of VEHICLES, including without limitation, TALBERT.

REQUEST NO. 7

Any and all DOCUMENTS RELATING TO the identity of the purchaser of the VEHICLES sold by YOU on the auction held on March 14, 2015.

REQUEST NO. 8

Any and all DOCUMENTS RELATING TO or reflecting any minimum price or reserve placed on the VEHICLES, sold at Auction on March 14, 2015, including without limitation, any direction given to YOU to sell at a price other than a minimum or reserve amount.

REQUEST NO. 9

Any and all DOCUMENTS RELATING TO or reflecting any ownership interest provided to YOU in connection with VEHICLES sold at auction on April 11, 2015, including any bill of sale or title transfer forms.

REQUEST NO. 10

Any and all DOCUMENTS reflecting any agreement that any PERSON other than PCW owned the VEHICLES or claimed an ownership interest in the VEHICLES, including without limitation any memoranda or writings between YOU and TALBERT.

REQUEST NO. 11

Any and all DOCUMENTS RELATING TO price obtained for the VEHICLES sold at the auction held on April 11, 2015.

///

///

REQUEST NO. 12

Any and all DOCUMENTS RELATING TO the payment by YOU to anyone of proceeds from the sale of VEHICLES, including without limitation, TALBERT.

REQUEST NO. 13

Any and all documents RELATING TO the identity of the purchaser of the VEHICLES sold by YOU on the auction held on April 11, 2015.

REQUEST NO. 14

Any and all DOCUMENTS RELATING TO or reflecting any minimum price or reserve placed on the VEHICLES, sold at Auction on April 11, 2015, including without limitation, any direction given to YOU to sell at a price other than a minimum or reserve amount.